THE J. T. EASTON, etc.

(*District Court, E. D. New York.* June 26, 1882.)

COLLISION—AT PIER.

    Vessel in fault for allowing herself to be placed at a pier, lapping the starboard quarter of another vessel, so as to prevent her from changing her direction as she moved towards the pier, as vessels were being towed out from the pier, and a collision ensued.

*Hill, Wing & Shoudy*, for libellant.

*Owen & Gray*, for the James T. Easton.

*J. J. Allen*, for the Northern Liberty.

BENEDICT, D. J. It was no fault of the libellant's boat to be at the end of pier 7, North river, because she was called there for the purpose of towing a canal-boat, to which she was already made fast when the collision occurred. Neither was it a fault in the libellant's boat that she did not move away from the pier when notified of the approach of the Northern Liberty. Being lawfully where she was, she was not bound to make a place for the Northern Liberty. Besides, upon the evidence, there was not time for her to get away, so as to avoid collision, after danger of collision was apparent.

The Northern Liberty was guilty of fault in allowing herself to be placed lapping the starboard quarter of the Gardner ahead of her on the tow, and fast thereto, so that when the boats were started by the tug towards the pier the Northern Liberty could effect no change in her direction by using her helm as she moved towards the pier. If the Northern Liberty had been in her place behind the Gardner, instead of fast upon the Gardner's starboard quarter, she could have kept herself off from the libellant's boat, as the testimony of the pilot of the Gardner clearly shows.

It was not a fault in the tug to start the two boats towards the piers as she did, for the pilot of the tug had directed the master of the Northern Liberty to get back to his proper position, and had the right to suppose that his order had been obeyed. The master of the Northern Liberty, therefore, is alone responsible for the movement of his boat towards the piers under circumstances which made it impossible for him to sheer his boat off when he found himself approaching dangerously near the libellant's boat.

The testimony of the pilot of the Gardner, that he could have prevented the collision by sheering his boat and so drawing the Northern Liberty off shore as they approached the libellant's boat, does not cast upon the Gardner any responsibility for the collision, for the Gardner was under no obligation to direct the course of the Northern Liberty, and was guilty of no breach of duty by omitting so to do.

The libel against the tug must be dismissed, and a decree entered against the Northern Liberty for the damages and costs.